UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| XINGKAI BAO, | |
| Plaintiff, | No. 21 C 04119 |
| v. | Judge Thomas M. Durkin |
| MEMBERSELECT INSURANCE COMPANY, | |
| Defendant. | |

### MEMORANDUM OPINION AND ORDER

Xingkai Bao's home was damaged in a fire on January 21, 2021. He submitted a claim to his homeowners insurance carrier, MemberSelect Insurance Company, which denied the claim. Bao sued MemberSelect to recover the benefits under his policy. Count II of Bao's complaint alleges MemberSelect's conduct in handling his claim was "vexatious and unreasonable" and seeks recovery of fees and costs under Section 155 of the Illinois Insurance Code. R. 1 ¶ 19. MemberSelect has moved to dismiss Count II for failure to state a claim under Fed. R. Civ. P. 12(b)(6). That motion is granted.

MemberSelect filed a counterclaim seeking a declaratory judgment that it does not owe any coverage obligations to Bao under the policy. Bao argues this counterclaim is redundant with several of MemberSelect's affirmative defenses in the contract action and has moved to dismiss it. The Court construes this motion as one to strike under Rule 12(f) and grants it.

1

## Background

MemberSelect is a Michigan-based insurance company, which issued Bao a homeowner's insurance policy effective from September 21, 2020 to September 21, 2021. The policy insured Bao against direct physical loss or damage to his dwelling and physical property inside the dwelling in the event of a fire. On January 21, 2021, there was a fire inside Bao's home, causing significant damage to the dwelling and Bao's personal property. Bao submitted a claim to MemberSelect but, following an investigation, the company refused to pay for the loss.

Bao sued MemberSelect alleging breach of contract in Count I and a violation of section 155 of the Illinois Insurance Code in Count II. With respect to Count II, Bao alleges that MemberSelect engaged in "vexatious and unreasonable" conduct in handling his claim. R. 1 ¶ 19. Bao includes a list of nine allegations in his complaint to support his section 155 claim:

a) failing to pay Plaintiff for the loss and ensuing claim within 40 days of the loss, or by March 2, 2021, thus constituting an unreasonable delay in paying the loss as a matter of law, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80(d)(7)(A) of Part 919 of the Illinois Administrative Code;

b) failing to provide Plaintiff with a reasonable written explanation for the delay in resolving the loss and ensuing claim, after the claim remained unresolved for more than 75 days, or by April 6, 2021, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80(d)(7)(B) of Part 919 of the Illinois Administrative Code;

c) failing to provide Plaintiff with a reasonable written explanation for the almost six month delay in resolving his claim, in violation of section 154.6 of the Illinois Insurance Code and the regulations promulgated by

      the Illinois Director of Insurance within Part 919 of the Illinois Administrative Code;

d) failing to acknowledge with reasonable promptness pertinent communications regarding the loss and ensuing claim, including multiple email communications between Plaintiff's counsel and MemberSelect's counsel between April 30, 2021 when the examination under oath was completed, and July 7, 2021, when the claim was denied, in violation of section 154.6(b) of the Illinois Insurance Code and in violation in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.40 of Part 919 of the Illinois Administrative Code;

e) not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the loss and ensuing claim, a claim in which liability was reasonably clear, in violation of section 154.6(d) of the Illinois Insurance Code and the regulations promulgated by the Illinois Director of Insurance within section 919.50 of Part 919 of the Illinois Administrative Code;

f) refusing to pay for the covered loss due and owing under the insurance policy without conducting a full, fair, and objective investigation based on all available facts and circumstances, in violation of its internal claims policies, practices, and procedures and in violation of section 154.6 of the Illinois Insurance Code;

g) refusing to pay for the fire loss based on an unreasonable interpretation of Form 6500-41901-IL-0514 of the insurance policy, in that there was no substantial change or increase in hazard in the dwelling at the time of the fire;

h) failing to be fair, open, and to carry out its part of the bargain under the insurance contract in good faith, contrary to its claim handling philosophy; and

i) forcing Plaintiff to retain legal counsel to investigate the loss and ensuing claim and to prosecute this lawsuit to recover all benefits that should have been immediately forthcoming under the insurance policy.

R. 1 ¶ 19(a)–(i).

      MemberSelect denies Bao's allegations and asserts six affirmative defenses for the breach of contract and Section 155 claims. MemberSelect's second affirmative defense is labeled "Substantial Change or Increase in Hazard" and alleges Bao

substantially changed or increased the risk of fire at the Property by, among other things, operating at least 150 graphics processing units ("GPUs") in his basement in a manner that did not comply with applicable electrical codes and without proper fire protection. R. 10, at 5-7. Affirmative defense three is labeled "Intentional Misrepresentation and/or Concealment" and alleges Bao lied about his use of the GPUs for mining cryptocurrency and about certain material conditions of the property. R. 10, at 7-8. In its prayer for relief, MemberSelect asks the Court to enter judgment in its favor, "including but not necessarily limited to a declaratory judgment that [MemberSelect] does not owe any coverage obligations nor any duty to pay damages nor indemnify any alleged damages" under the policy. R. 10, at 12.

MemberSelect also filed a counterclaim seeking a declaratory judgment that it does not owe Bao any coverage obligations because of Bao's actions. R. 10, at 12-22. Specifically, MemberSelect alleges that Bao created a substantial change or increase in the fire risk by using the hazardously wired GPUs to mine cryptocurrency in his basement, and that Bao misrepresented material facts regarding his use of the GPUs. MemberSelect's prayer for relief in the counterclaim is nearly identical to the one included in its Answer.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

4

This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored because they "potentially serve only to delay." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). However, motions to strike may be granted when they serve to "remove unnecessary clutter from the case." *Heller*, 883 F.2d at 1294. Courts are afforded considerable discretion when ruling on a Rule 12(f) motion. *See Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th. Cir. 2009).

## Analysis

**I.     MemberSelect's Motion to Dismiss Bao's Section 155 Claim**

Section 155 of the Illinois Insurance Code permits an award of attorney's fees and costs if an insurance company's actions or delay in settling a claim are "vexatious and unreasonable." 215 ILCS 5/155. In deciding a section 155 claim, courts must consider the totality of the circumstances—no single factor is dispositive. *Cook v. AAA Life Ins. Co.*, 13 N.E.3d 20, 37 (Ill. App. Ct. 2014). Relevant factors include "the insurer's attitude, whether the insured was forced to file suit to recover, and whether the insured was deprived of the use of its property." *Id.* (quoting *Mobil Oil Corp. v. Md. Cas. Co.*, 681 N.E.2d 552, 558 (Ill. App. Ct. 1997)).

There are limitations to when section 155 relief is appropriate. Because section 155 is a penal statute, "its provisions must be strictly construed." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000). An award under section 155 is permitted "only where the evidence shows that the insurer's behavior was willful and without reasonable cause." *Id.* Thus, relief is not available if "(1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law." *Id.* (internal citations omitted); *see also Scudella v. Illinois Farmers Ins. Co.*, 528 N.E.2d 218, 222–23 (Ill. App. Ct. 1988) ("[A]ssertions of legitimate policy defenses and denials based on a policy's express wording are inappropriate for invoking [section 155].").

MemberSelect seeks dismissal of the section 155 claim for two reasons. First, it challenges the sufficiency of Bao's complaint. Alternatively, it argues that a bona fide coverage dispute exists between Bao and MemberSelect such that section 155 relief is not appropriate.

A.     **Sufficiency of the Complaint**

MemberSelect argues that Bao's section 155 claim in count II fails to include any specific factual allegations of vexatious and unreasonable conduct by MemberSelect. It characterizes the allegations in the complaint as "generalized statements regarding Defendant's alleged failed [sic] to pay for all claimed damages" or copied-and-pasted provisions directly from the Illinois Insurance and Administrative Codes.

Conclusory allegations that an insurer acted vexatiously or unreasonably, "without some modicum of factual support," are insufficient to state a plausible claim for relief under section 155. *Scottsdale Ins. Co. v. City of Waukegan*, 2007 WL 2740521, at *2 (N.D. Ill. Sept. 10, 2007). Bao's complaint is largely bereft of such support. One court has already dismissed a section 155 claim premised on nearly identical allegations that an insurer violated various provisions of the insurance or administrative codes. *See 9557, LLC v. Travelers Indem. Co. of Conn.*, 2016 WL 464276, at *3-4 (N.D. Ill. Feb. 8, 2016). In *9557, LLC*, the plaintiffs (represented by the same attorney who represents Bao here) sought fees and costs under section 155, alleging that Travelers had violated various code provisions, had failed to pay the claim based on an "unreasonable and erroneous interpretation of the insurance

7

policy," and had forced them to hire counsel and file suit to recover benefits that should have "immediately" been provided under the insurance policy. The court granted Travelers's motion to dismiss, noting that several of the allegations "amount to little more than simple recitations of the various codes that River West alleges Travelers violated." *Id.* at \*4. The other allegations were wholly conclusory, essentially boiling down to allegations that Travelers intentionally refused coverage and that such refusal was vexatious and unreasonable. *See id.*

In support of his allegations concerning insurance and administrative code violations, Bao argues that "improper claims practices under section 154.6 and Part 919" factor into the totality of the circumstances test that courts use in determining whether a defendant's conduct was vexatious and unreasonable. R. 17 at 3. True enough. Although Section 154.6 is a purely regulatory provision and does not create a private cause of action, conduct that rises to the level of improper claims practice under that provision are properly considered in the totality of the circumstances analysis for a Section 155 claim. *Zagorski v. Allstate Ins. Co.*, 54 N.E.3d 296, 304–05 (Ill. App. Ct. 2016). But while substantiated violations of those code provisions may be persuasive, Bao provides little factual support for the conclusions he reaches. Without additional context behind the alleged violations of the relevant code provisions, Bao's claim for relief is too much like "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Bao needs some "modicum of factual support" centered on MemberSelect's individualized handling of the claim,

8

particularly when many of these provisions speak in flexible terms of "reasonableness." Mere conclusory allegations of code violations will not do.

The remaining allegations do not save Bao's complaint. At most he alleges that MemberSelect was delayed in communicating with him or resolving certain claim disputes. Whether a delay is vexatious or unreasonable depends heavily on the circumstances. *See, e.g.*, *Abbey Ridge LLC v. Addison Ins. Co.*, 416 F. Supp. 3d 760, 774 (S.D. Ill. 2019) ("[A] delay in settling a claim does not violation Section 155 if the delay results from a *bona fide* dispute regarding coverage."); *Scottsdale*, 2007 WL 2740521, at *2 (suggesting there was nothing inherently vexatious or unreasonable about three-month delay between insured's notice to insurer and insurer's filing suit for declaratory judgment of non-coverage). Here, Bao acknowledges that he cooperated with MemberSelect's investigation of the claim and submitted to an examination under oath, presumably one that MemberSelect or its investigators conducted. *See* R. 1 ¶ 12. These facts indicate MemberSelect was working on the claim in the months between the fire and the claim's eventual resolution, not ignoring Bao or failing to provide him with updates on his claim's status. The mere fact that there were delays in the process does not automatically trigger section 155.

Bao also alleges that MemberSelect failed to "carry out its part of the bargain under the insurance contract in good faith," but offers no details as to what MemberSelect did or said to constitute bad faith. Likewise, the allegation that MemberSelect "forced" Bao to hire counsel and file this lawsuit in order to recover benefits that "should have been immediately forthcoming under the insurance policy"

9

is essentially identical to the allegation rejected in *9557, LLC* and says nothing about MemberSelect's pre-suit conduct. Instead, the totality of Count II in Bao's complaint amounts to, "MemberSelect acted vexatiously and unreasonably because it did not immediately confirm and pay my insurance claim as requested." This is sufficient to state a plausible claim for breach of contract if Bao was in fact entitled to coverage under the terms of his policy. But it cannot amount to "vexatious and unreasonable" conduct on its own, lest every claim denial that results in a lawsuit for benefits be labeled as such. *See Markel Am. Ins. Co. v. Dolan*, 787 F. Supp. 2d 776, 779 (N.D. Ill. 2011) ("These allegations do little more than assert that Markel did not promptly settle [plaintiff's] claim, which as noted earlier, is insufficient to state a Section 155 claim.").

Bao's cited cases are unpersuasive or distinguishable because they contain specific facts as to the conduct of the insurers that could be considered vexatious or unreasonable. *See, e.g., Wheeler v. Assurant Specialty Prop.*, 125 F. Supp. 3d 834, 838-39 (N.D. Ill. 2015) (alleging insurer hired second engineer to examine plaintiff's property and produce biased report after first engineer determined that most of the property damage was caused by a covered event); *Markel*, 787 F. Supp. 2d at 779 (alleging insurer knowingly misrepresented relevant facts related to coverages and denied coverage based on speculation); *P&M/Mercury Mech. Corp. v. W. Bend Mut. Ins. Co.*, 483 F. Supp. 2d 601, 604 (N.D. Ill. 2006) (alleging insurer refused to engage in settlement efforts based on report obtained from consultant regarding property damage).

Considering Bao's complaint as a whole, his allegations do not plausibly state a claim for section 155 relief. Accordingly, MemberSelect's motion to dismiss Count II of the Bao's complaint is granted without prejudice. As explained below, Bao may seek leave to amend his complaint if he wishes.

### B. Bona Fide Dispute

Because the Court concludes that Bao's current complaint fails to state a claim for relief under section 155, it need not consider MemberSelect's argument that the existence of a bona fide dispute over whether Bao's claim is covered precludes an award under that statute. MemberSelect is free to assert this argument again in the future where appropriate. The Court notes, however, that MemberSelect's argument appears to rely on facts not included in Bao's complaint. Resolution of this issue "presents a factual question" that may be more amenable to resolution on summary judgment than at the pleadings stage. *See West Wind Express v. Occidental Fire & Cas. Co. of N.C.*, 2013 WL 2285799, at *4 (N.D. Ill. May 23, 2013).

### II. Bao's Motion to Dismiss MemberSelect's Counterclaim for Declaratory Judgment

Bao has moved to dismiss MemberSelect's declaratory judgment counterclaim, arguing that it is redundant with MemberSelect's answer and affirmative defenses two and three. Though styled as a motion to dismiss, the relief Bao seeks in his motion seems more in line with a motion to strike under Federal Rule of Civil Procedure 12(f), which permits a court to strike "redundant" matter from a pleading. Courts in the Seventh Circuit typically dispose of redundant counterclaims via Rule 12(f). *See*

11

*Cincinnati Specialty, Underwriters Ins. Co. v. DMH Holdings, LLC*, 2013 WL 683493, at *4 n.2 (N.D. Ind. Feb. 22, 2013). The Court finds ample grounds to do so here.

MemberSelect's counterclaim is a mirror image of its answer and affirmative defenses. MemberSelect's argument that its declaratory judgment claim is significantly broader than its response to Bao's breach of contract claim ignores the language in its own pleadings. As indicated above, the prayer for relief in MemberSelect's answer and the one in its counterclaim are almost identical. Furthermore, the reasons MemberSelect contends it is entitled to declaratory relief track directly with its second and third affirmative defenses. "The label 'counterclaim' has no magic. What is really an answer or defense to a suit does not become an independent piece of litigation because of its label." *Tenneco, Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985). MemberSelect has simply restated the allegations and arguments found in its answer and tried to construct an independent claim from them.

There is no compelling reason to leave MemberSelect's claim for declaratory relief in this case. Declaratory judgments are "not intended to allow parties to convert claims and affirmative defenses into redundant counterclaims." *Intercon Sols., Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1067 (N.D. Ill. 2013); *see also Green Bay Packaging, Inc. v. Hoganson & Assocs., Inc.*, 362 F. Supp. 78, 82 (N.D. Ill. 1973) ("It is well settled that … repetitious and unnecessary pleadings should be stricken."). Here, the dispute between Bao and MemberSelect has ripened. The questions surrounding whether Bao substantially changed his property or concealed or

12

misrepresented material facts will remain at issue. When an existing substantive lawsuit will adequately address issues raised in a corresponding declaratory judgment action, "the declaratory judgment action 'serves no useful purpose' because the controversy has 'ripened' and the uncertainty and anticipation of litigation are alleviated." *Amari v. Radio Spirits, Inc.*, 219 F. Supp. 2d 942, 944 (N.D. Ill. 2002) (quoting *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987)). The declaratory judgment in this case is not necessary to clarify the issues or resolve uncertainty—the original claims do so standing alone. *See id.*

While it may be true that keeping the declaratory judgment claim in this case would cause only minimal prejudice to Bao, the same is true of the inverse. MemberSelect has failed to demonstrate why this claim is sufficiently unique when compared to its answer and affirmative defenses such that dismissing it would result in any material prejudice. The facts underlying its counterclaim are the same underlying its affirmative defenses, so there is little effect (if any) on the scope of discovery. MemberSelect suggests some disconnect exists between the relief both parties are seeking in their respective claims, but this seems so hypothetical as to be irrelevant, and is belied by the fact that MemberSelect uses identical language in both its pleadings. In any event, claim preclusion would likely bar any subsequent claim for damages under the policy Bao might assert arising from the same fire that he has not asserted here, meaning Bao has every incentive to litigate the issues comprehensively in the current action. *See Hofmann v. Fermilab NAL/URA*, 205 F.

13

Supp. 2d 900, 903 (N.D. Ill. 2002) ("The doctrine bars all claims that were or could have been raised against the parties and their privies in the previous case.").

For these reasons, the Court finds that striking MemberSelect's counterclaim for a declaratory judgment from the pleadings under Rule 12(f) is appropriate. Bao's motion, construed as one under Rule 12(f), is granted.

## Conclusion

For the reasons described above, the Court grants MemberSelect's motion to dismiss Count II of Bao's complaint without prejudice, [R. 11], and grants Bao's motion to dismiss/strike MemberSelect's counterclaim, [R. 14]. If Bao wishes to seek leave to file an amended complaint, he must do so no later than twenty-one (21) days from the entry of this order. Any motion for leave to amend should include a copy of the proposed amended complaint, a redline version showing changes from the original complaint, and a brief of no more than five (5) pages explaining how the proposed amended complaint cures the deficiencies identified in this opinion.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: April 25, 2022